Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN ITALIANO BERRY, Individually and *dba* OCCASIONAL GLASS COMPANY, <br><br> Defendant. | Case No:  C10-2446 PJH <br><br> **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION PLAN, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant STEPHEN ITALIANO BERRY, Individually and doing business as OCCASIONAL GLASS COMPANY, and / or any successor entities ("Defendant"), as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the District Council No. 16 of the International Union of Painters and Allied Trades and the Northern California Glass Management Association (hereinafter "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to the present time.

2.      Stephen Italiano Berry, hereby acknowledges that he is authorized to receive

service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing Orders for Magistrate Judge Bernard Zimmerman; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Welcome to the U.S. District Court, San Francisco; Notice of Assignment to Case to a United States Magistrate Judge for Trial; Consent to Proceed Before a United States Magistrate Judge; Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge; and ECF Registration Information Handout.

3.      Defendant has become indebted to the Trust Funds as follows:

| December 2009 | Contributions | $3,506.30 | |
| | 20% Liquidated Damages | $701.26 | |
| | 5% Interest (through 6/2/10) | $58.60 | |
| | | | $4,266.16 |
| January 2010 | Contributions | $4,012.08 | |
| | 20% Liquidated Damages | $802.42 | |
| | 5% Interest (through 6/2/10) | $51.66 | |
| | | | $4,866.16 |
| February 2010 | Contributions | $5,492.16 | |
| | 20% Liquidated Damages | $1,098.43 | |
| | 5% Interest (through 6/2/10) | $47.40 | |
| | | | $6,637.99 |
| March 2010 | Contributions | $5,779.88 | |
| | 20% Liquidated Damages | $1,155.98 | |
| | 5% Interest (through 6/2/10) | $26.13 | |
| | | | $6,961.99 |
| April 2010 | Contributions | $3,653.24 | |
| | 20% Liquidated Damages | $730.65 | |
| | 5% Interest (through 6/2/10) | $1.00 | |
| | | | $4,384.89 |
| **SUBTOTAL** | | | **$27,117.19** |
| **Attorneys' Fees (through 6/2/10)** | | | **$853.00** |
| **Cost of Suit** | | | **$350.00** |
| **TOTAL DUE** | | | **$28,320.19** |

4.      Defendant shall **conditionally** pay the amount of **$23,831.45**, representing all above amounts, <u>less liquidated damages in the amount of **$4,488.74**</u>, *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation*, as follows:

(a)      Beginning on June 15, 2010, and no later than the 15th day of each month thereafter for a period of twelve (12) months, through and including May 15, 2011, Defendant shall pay to Plaintiffs the amount of <u>$2,041.00 per month</u>.  Payments may be made by joint check, to be endorsed prior to submission;

(b)      Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment.  Defendant may request a "payout demand" at any time during the payment period;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum in accordance with Plaintiffs' Trust Agreements;

(d)      Payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*," and delivered to Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be received on or before the 15th day of each month**, or to such other address as may be specified by Plaintiffs;

(e)      Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant as to the final amount due, including interest and additional attorneys' fees and costs, as well as any other amounts due under the terms herein.  Said amount shall be paid with the last payment, on or before May 15, 2011.  The final payment shall not include the liquidated damages that have been conditionally waived.  After the final payment is submitted and clears the bank and once Defendant's account with the Trust Funds is otherwise current, Plaintiffs shall submit the request for waiver to the Trustees.  Said waiver request ***shall not be considered unless and until all obligations hereunder have been met***, including but not limited to payment of all amounts due under the terms of the Stipulation and remaining current in contributions owed to the Trust Funds.

P:\CLIENTS\GLACL\Occasional Glass\Pleadings\Occasional Glass Stipulated Judgment 052510.doc

1    Plaintiffs shall advise Defendant thereafter as to whether the conditional waiver of

2    liquidated damages has been granted in whole or in part.  If liquidated damages remain due, these

3    amounts will be paid upon demand in one lump sum payment.  In the event that Defendant cannot

4    make payment in full of the remaining liquidated damages, Defendant may request an extension of

5    the payment plan herein.

6    5.    Stephen Italiano Berry acknowledges that he is the sole owner of OCCASIONAL

7    GLASS COMPANY, and that he specifically consents to the Court's jurisdiction, as well as the

8    use of a Magistrate Judge for all proceedings herein.  Mr. Berry also confirms that he is personally

9    guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges

10   that all affiliates, related entities and successors in interest to OCCASIONAL GLASS

11   COMPANY and/or any subsequent entity wherein Mr. Berry is a principal shall also be bound by

12   the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction as well as

13   the use of a Magistrate Judge.

14   6.    For any work performed by employees of Defendant, beginning with hours worked,

15   if any, during the month of May 2010, which are due on June 15, 2010, and will be delinquent if

16   not received by June 30, 2010, Defendant shall remain current in contributions.  For every month

17   thereafter during the stipulated payment term herein, Defendant will remain current in

18   contributions and all other obligations due to Plaintiffs under the terms of the Collective

19   Bargaining Agreement by timely submitting monthly reports and payment of contributions to the

20   Trust Funds.  A copy of the contribution report and payment check must be faxed timely to Blake

21   E. Williams at 415-882-9287.  **To the extent that Defendant is working on a Public Works job,**

22   **or any other job for which Certified Payroll Reports are required, copies of said Reports will**

23   **be faxed to Blake E. Williams, concurrently with their submission to the general contractor,**

24   **owner or other reporting agency**.

25   7.    Failure by Defendant to remain current in reporting or payment of contributions

26   shall constitute a default of the obligations under this agreement and the provisions of ¶10 shall

27   apply.  Any such unpaid or late paid contributions, together with 20% liquidated damages and 5%

28

-4-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-2446 PJH

1  per annum interest accrued on the total contributions and liquidated damages, shall be added to

2  and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights

3  available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds

4  for collection of current and future contributions, and for any additional past contributions not

5  included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs,

6  by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendant

7  specifically waives the defense of the doctrine res judicata as to any such additional amounts

8  determined as due.

9          8.      In the event that Defendant fails to make any payment referenced herein in a timely

10  manner as required, or if payment is made and fails to clear the bank, or is unable to be negotiated

11  for any reason, Defendant shall be considered to be in default of this Stipulation.

12          9.      Defendant shall make full disclosure of all jobs on which he is working by

13  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

14  and address of job, and identity of general contractor. **Defendant shall fax said updated list by**

15  **the 15th calendar day of each month to Blake E. Williams at 415-882-9287.** This job list is

16  required regardless of whether or not Defendant has employees working. If there are no employees

17  working, the job disclosure should be submitted as required, stating that there are "no jobs to

18  report." Failure to submit the required job list shall constitute a default under the terms of this

19  Stipulation.

20          10      In the event of a default, Plaintiffs will provide Defendant with written notice of the

21  default, allowing seven (7) days from the date of the notice in which to cure the default. In the

22  event a default is not cured, all amounts remaining due hereunder, including conditionally waived

23  liquidated damages, as well as any additional amounts due pursuant to the terms herein, shall be

24  due and payable immediately.  All future payments shall be made by cashier's check if the default

25  was caused by a failed check.  In the event that a default is not timely cured, the following will

26  occur:

27

28

1    (a)    The entire balance of **$28,320.19** as specified in paragraph 3, plus interest

2    as specified above, but reduced by principal payments received from Defendant, in addition to any

3    unpaid contributions then due plus 20% liquidated damages and 5% per annum interest thereon,

4    shall be immediately due and payable, together with any additional attorneys' fees and costs

5    incurred in this matter;

6    (b)    A writ of execution may be obtained against Defendant without notice in

7    the amount of the unpaid balance, plus any additional amounts under the terms herein, upon

8    declaration by a duly authorized representative of the Plaintiffs setting forth any payment

9    theretofore made by or on behalf of Defendant and the balance due and owing as of the date of

10   default.  <u>Defendant specifically consents to the authority of a Magistrate Judge for all proceedings,</u>

11   <u>including, but not limited to, Plaintiffs' obtaining a writ of execution herein;</u>

12   (c)    Defendant expressly waives all rights to stay of execution and appeal.  The

13   declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and

14   owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution,

15   without notice to Defendant;

16   (d)    Defendant shall pay all additional costs and attorneys' fees incurred by

17   Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this

18   Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

19   11.    In the event of the filing of a bankruptcy petition by the Defendant, the parties

20   agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have

21   been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and

22   shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise.

23   Defendant nevertheless represents that no bankruptcy filing is anticipated.

24   12.    Any failure on the part of the Plaintiffs to take any action against Defendant as

25   provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

26   a waiver of any subsequent breach by the Defendant of any provisions herein.

27   12.    Should any provision of this Stipulation be declared or determined by any court of

28

1   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

2   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

3   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

4   Stipulation.

5           13.     This Stipulation is limited to the agreement between the parties with respect to the

6   delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.

7   This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant

8   acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

9   if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements

10  incorporated into their Collective Bargaining Agreement, and the law.

11          14.     All parties represent and warrant that they have had the opportunity to be or have

12  been represented by counsel of their own choosing in connection with entering this Stipulation

13  under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

P:\CLIENTS\GLACL\Occasional Glass\Pleadings\Occasional Glass Stipulated Judgment 052510.doc

15.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

Dated: June __, 2010                              **OCCASIONAL GLASS COMPANY**

By: _____/s/_____
                                                   Stephen Italiano Berry
                                                   Sole Owner

Dated: June __, 2010                              **STEPHEN ITALIANO BERRY**

_____/s/_____
                                                   Individually

Dated: July 13, 2010                             **SALTZMAN AND JOHNSON LAW CORPORATION**

_____/s/_____
                                                   Blake E. Williams
                                                   Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: ___July 16_____, 2010       _____
                                                   UNITED STATES DISTRICT COURT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-2446 PJH**